Have a good day. Thank you. Thank you. Our next case is number 24-11548, Aranda v. Commissioner of Social Security. Okay, Mr. Cohen, whenever you're ready. Good morning, judges. I'm Jay Cohen of the James Kelly Law Firm, and we represent U.S. Administrative Law Judge Clara Aranda, who is in the courtroom today. This is a case where a U.S. Administrative Law Judge was treated differently than any other federal employee. And she was treated differently because in a federal adverse employment action, she asserted handicapped discrimination as a defense to that action. The case was settled. She was a prevailing party. She was denied attorney fees by the Merit Systems Protection Board Administrative Law Judge, and she filed a complaint in federal district court. And the federal district court judge found that the court had no jurisdiction over the  Can I ask you, maybe just to get right to the jurisdictional question, do you agree that under 7703, the district court has jurisdiction only if the underlying case is subject to 7702 and is thus what the courts call a mixed case? I do, Your Honor. So in your brief, you say the procedures for litigating a mixed case were not applied to Aranda's case because in all likelihood, 7702 provides that the mixed case process applies only to cases that may be appealed to the MSPB, which I think is quite right. Ultimately, you say her case was not processed as a mixed case because there was no statutory or regulatory authority to do so. Why is that not conclusive? You've agreed that in order for there to be jurisdiction, it's got to be a mixed case, and you've said in your brief, this wasn't a mixed case. I don't see how there could be jurisdiction. It's Judge Aranda's contention that Title VII provides that basis for jurisdiction. If Title VII doesn't provide that basis for jurisdiction, then U.S. Administrative Law Judges are treated differently than all other federal employees. There is no... Jurisdiction where? Provided jurisdiction where? In the MSPB proceedings or in the district court? In the district court, Your Honor. The way the system is set up for U.S. Administrative Law Judges, in order to take an adverse employment action against them, it's the agency that has to essentially appeal to the MSPB. Under 5 U.S.C. 7521, the agency has to petition the MSPB for a finding of good cause. So there, unlike other federal employee actions, there is no appeal to the MSPB because it's what's called an original jurisdiction case before the MSPB. So there is no appeal so she doesn't fall under the statutes that Your Honor mentioned. So she's not... If she was a standard federal... I shouldn't say standard. If she was a non-Administrative Law Judge employee, she would've been entitled to the mixed case processing. There would be no question that the federal district court had jurisdiction. Because she's a USALJ, it's under a completely... It's under a different process. There is no... Despite the fact that she did, in her answer to the petition to remove her, the fact that she did assert handicap discrimination as an affirmative defense, there was no procedure for processing it as a mixed case. You're saying functionally it was a mixed case? Yes, Your Honor. According to the textbook definition in Perry v. MSPB, it's an adverse action by a federal employee where an issue of discrimination is asserted. So it meets the classic definition, but functionally you're right, Your Honor. It could not have been processed as a mixed case because the statutes and the regulations didn't apply for that. Why though, just so I can understand? Because I think I understand sort of the equitable position that you're advancing. It does seem a little weird that ALJs are treated differently from all the other federal government employees. I sort of understand the inequity of that. But why, rather than saying what feels to me sort of like this Hail Mary that Title VII sort of swoops in and independently provides jurisdiction for ALJs, separate and apart from all other federal employees, why not just take the path that the statute gives you and go to the federal circuit? Right? It's not like the claim couldn't be litigated, it just couldn't be litigated in the district court in the way that other federal employees would, right? The courts of appeals decisions are clear that the federal circuit has no jurisdiction over discrimination claims. So if, and it's speculation on my part, Judges, if you went to the federal circuit, the government would say the federal circuit has no jurisdiction. It's a discrimination case. The circuit courts are all in agreement that the federal circuit doesn't have jurisdiction over discrimination claims. And the U.S. Supreme Court, the courts of appeals have clearly said that you don't bifurcate these cases. You don't have an attorney fee part and a discrimination part. It's all just one case. I see. So your position is if the district court doesn't have jurisdiction to adjudicate a Title VII or a discrimination claim, then nobody does, and that can't possibly be the law. That is my, exactly, Your Honor. Where is Judge Aranda to go if the district court has no jurisdiction? There's nowhere for her to go, and she's treated differently than every other federal employee. She's treated differently than every private sector employee because she can't raise the issue of discrimination, which is inextricably intertwined with her discrimination case. She can't raise that attorney fee issue. Well, but the discrimination, I mean, I understand your position, but the discrimination is not being raised in the lawsuit in district court now. You're saying that the alleged discrimination made this a mixed case, although it wasn't processed as such, right? But there's no claim of discrimination in the complaint that you filed in federal district court. It's just a complaint for attorney's fees, right? That is correct, Your Honor, because she settled her discrimination claim. Right, and that leads me to the next question, which is the government cites Perry for at least one proposition that, if right, causes some concern for your case. They say that even where an action can be characterized as mixed, as a mixed proceeding, a mixed case, when there is voluntary action pursuant to a settlement, it can't be a mixed case anymore. So they cite Perry for that proposition. I think the language in Perry is a little bit vague about that, but in any event, I want to get your thoughts on that issue. That is inconsistent with all of the circuit courts of appeals in holding that when there's a voluntary settlement, it does not negate the fact that we're dealing with a case of discrimination and the fact that you can't, that the courts do have jurisdiction. If that was the case, and I'm sorry, there's so many cases and so many statutes, I don't remember the exact name of the case, but it speaks directly to that issue and addresses it in this regard that, if that's the case, then whenever you settle a discrimination case, it's a voluntary action and the MSPB has no jurisdiction, the federal courts have no jurisdiction. I apologize to the court, I just don't have the cite to that case, but that puts a federal employee who alleges discrimination and puts them in a real bind in that if they settle the case, then they say it's a voluntary action. So you have no recourse because it's a voluntary action. Your discrimination case is gone. It's a voluntary action. Your discrimination case is gone. And the court, and the court talks about that and says, Title VII, part of it, is designed to encourage settlements. If we do this, then federal employees are put in a bind where they don't want to settle these cases. They don't want to give up the right to their attorney fees. They don't want to give up the right to have review of the case. And I don't need to cite to the court, the cases are abundant and they're clear. If you prevail and if you have a settlement, Title VII case and discrimination case, Title VII Rehabilitation Act, Age Discrimination Employment Act, you are a prevailing party. That is where, that's the crux of our argument. Judge Aranda was a prevailing party. She had a discrimination case. The MSPB, Administrator Veledridge, found that she was a prevailing party. And here, she has no right for attorney fees. All right, so let me work through this statutorily because it's a string of statutes all sort of nesting with each other. Tell me if I've got your sequence right. Okay. Yes, Your Honor. You say that first, 7703B excludes a mixed case from exclusive federal court appellate jurisdiction, right? I apologize to the court. It's okay. Take your time. Take your time. I'm sorry, Your Honor, that was 7703- 7703B, little b, right, because it says that generally you have to file in the U.S. Court of Appeals for the Federal Circuit except for certain types of cases, and then it refers you to subsection B2, right, which talks about discrimination claims. Right. Right. Okay, now, where is the next provision that says that for those cases, you get to file in federal district court? There is not that provision in the law, Your Honor. That's why we're relying on . . . But in a regular mixed case scenario, what statute lets you file in federal district court? There has to be one. In a traditional mixed case, not involving a situation with an ALJ like a Duranda, there has to be a statute that says if you come within 7703B and one of the excluded causes of action, you're not in the federal circuit, now you can go file not only in a federal court of appeals, but you can file in federal district court. And it's . . . I believe that it actually is . . . I'm sorry, I believe it actually . . . Here, maybe a better way of asking the question . . . Okay. . . . is this. Don't worry, we're all trying to find answers to this problem. Here, look at me a second. Don't worry about looking for what I asked you for. All right. Don't worry about it. What is the statute that you say gives the district court jurisdiction to hear your complaint for attorney's fees? And then we can work backwards from that. That is Title VII. Title VII, okay. And is the answer to Judge Jordan's earlier question, 7702A1 . . . 7702A1 says that the has been affected by an action which the employee may appeal to the MSPB, and 2. . . alleges that a basis for the action was discrimination prohibited by various laws. Thank you, Your Honor. That's the statute.  Thank you. I'm sorry. No, no, no. That's all good. And so then the debate here is because, as you've acknowledged, you don't fit within that because this wasn't a circumstance in which your client, the ALJ, could appeal to the MSPB because she had been hailed into court by the MSPB. She doesn't really fit 7702, and so you say Title VII's got to provide the remedy. It has to. Yeah. Okay. Thank you. I apologize. No, no, no. It's all good. It's all good. It's a maze. We're trying to figure it out with you. I had a quote here from the U.S. Supreme Court and the majority opinion in Kleckner. The intersection of federal civil rights statutes and civil service law has produced a complicated, at times confusing, process for resolving claims of discrimination in the federal workforce. That is an understatement, Your Honor. All right. Okay, Mr. Korn. We'll give you your full time for rebuttal. Thank you very much. Thank you, Your Honor. Okay, Mr. Baldy. May it please the Court, Maxwell Baldy for the government. Maybe I can help us orient ourselves in this maze to start. The basic rule is that if you have a decision of the MSPB and you're unhappy with it, you go to the federal circuit. You file a petition for review in the federal circuit. That's 7703B1A. And there's only two exceptions. One is, everyone agrees, isn't relevant here. It has to do with Office of Special Counsel proceedings. The other is in 7703B12, which is, it's a case of discrimination and it's subject to 7702. So you back out there and you have the two elements, appealable to the MSPB and the basis for that action is discrimination. And I think we all agree, you know, my friend's position is that she doesn't fit within that. I mean, if she doesn't fit within that, she doesn't fit within the exception and the basic rule applies that you have to go to the federal circuit. All right. So let me ask you this. I was surprised in reading the government's brief. You seemed awfully reticent to make this argument. There was so much grinding until you got to page, I don't know, like 16, 17, or maybe into the 20s before you finally said, yeah, this isn't, she admits it's not a mixed case. Only mixed cases get 7702A treatment, therefore no jurisdiction. Why? Is it because of this oddity, which I admit is an oddity and seemingly an inequity that ALJs just alone don't get to go to district court and litigate a discrimination claim? I think respectfully, Your Honor, there's a lot of, that's our position because there's a lot of easier ways to resolve this case. That seems like crazy easy to me. I mean, like, because I think, like to his credit, your adversary very candidly admits, hey, this isn't a mixed case. And the statute says only mixed cases. That's like, I don't know, like that's like intro level logic. So I hear what you're saying, Your Honor. I think that has a lot of consequences. And if we are not taking a position on whether an ALJ's case could ever fit within 7702A1, because I think it's clear for a number of reasons this one doesn't. If you were to sort of reach that holding that I think my friend might be encouraging you to reach, it just, I think it just completely cuts off an ALJ's ability to get into court on these discrimination claims. Because I think it is right that the Federal Circuit can't consider discrimination claims. That does not mean it couldn't consider this case. And I point you to Harris versus SEC where, which is a line of cases where the Federal Circuit clearly says, if the discrimination claims have dropped out and all you have left are sort of administrative issues, we have jurisdiction. And in fact, there's a local rule in the Federal Circuit where you bring one of these cases in and you have to fill out a form saying I don't have discrimination claims anymore and then they get to proceed. But if you were to reach a holding that an ALJ categorically can't fit within 7702A1, anything where there's an adverse action that, where it's allegedly predicated on discrimination, it can't go to the Federal Circuit because there's no jurisdiction on discrimination claims. But it also can't go to district court because you're appealing an MSPB action and that just doesn't fit within the exception. And so that holding would box ALJs. Is that the reason why? Because there's no appeal to the MSPB and it's sort of an original proceeding? That would be the reason why if you were to go that far down the line. I don't think you need to go there for a couple of reasons. I mean, to begin with, I think there's a significant waiver problem where, you know, the plaintiff in responding to the motion to dismiss says she's not seeking review of decision with respect to discrimination. She acknowledges that we say there's, the government argued it wasn't a mixed case and doesn't respond to it. She moves her reconsideration and nowhere points in her motion or her reply to where in the, she thinks she's raised this argument before. And the district court held that it was hearing the argument for the first time. That's the easiest way to resolve this case. But if you disagree with me or you think that she's preserved this issue or made this argument, then the answer is the discrimination claims have fallen out of the case because they were released. She signed the settlement. She released the claims. And you can look to PERI, which says voluntary actions aren't appealable to the MSPB. You can look to Harris versus SEC where when you expressly waive discrimination claims, it converts what may have been a mixed case into a standard appeal of an adverse personnel action. That language in PERI you cited for the voluntary action, that's like a throwaway line by Justice Ginsburg that's not part of the analysis or the holding or anything else. I mean, Your Honor, I think there's a long line of federal circuit case law that reaches the same conclusion that if what you have is something that is voluntary, it doesn't fit within this framework. Well, let's, let's, okay. Tell me what happens in this scenario. Federal employee, not an ALJ, files a complaint, an ALJ of discrimination and other statutory and workplace violations, ALJ resolves it in favor of the employee, appeal to the Merit Systems Protection Board, right? Merit Systems Protection Board. Sorry, if I could take a step back. The way other employees would get there is their agency would say, we are, we propose to terminate you or we're going to suspend you, and then that would get appealed to the MSPB where it would be heard under their regs by the first time by an ALJ and then it would go to the full board. But the action itself is taken by the agency and appealed to the MSPB. With ALJs, the agency can't act against the ALJ by itself. It has to file a complaint, an original action. No, I accept, I accept the correction. So you're at, you're at the Merit Systems Protection Board on an appeal by the agency of a favorable decision in favor of the employee. That's possible, right? I'm not, I'm actually not sure. I know generally if we get an unfavorable decision from the MSPB, we can't appeal to court. I don't, I don't remember. No, remember, you're in the agency. Right, right, and I don't remember what the regs say about going up a level. I will assume for the purposes of this question that that's correct. Okay, assume that you win at the ALJ level and the employee takes an appeal. That's permissible, right? Correct. Okay. So, the Merit Systems Protection Board fines in favor of the employee on everything, including the employee's discrimination claims, okay? Yes. But, besides, we're not giving you attorney's fees, even though you're right on your Title VII claim. Where does the employee go? Those claims do still go to district court, and I think the cases that my friend was, So, it's just that an ALJ is just statutorily, for whatever reason, different. No, Your Honor. The difference is that the discrimination claims in those cases, in that case, is still live. Right? There's still, Okay. So, let me, you're right. So, let's change the hypothetical a little bit. At the MSPB level, on the employee's appeal, the parties settle, the settlement fines that there's been discrimination, awards the employee some relief, but the Merit System leaves the issue of attorney's fees up to the board. The board denies attorney's fees. Where does the employee go? I just think, there's been a settlement. Yeah, I think at that point, so if the claims are settled, in general, they've fallen out of the case. Settled, but with an admission of liability in my hypothetical. Yeah, if there's an admission of liability, I think we are closer in that instance to the cases my friend cites in his brief. There's a Third Circuit case called Keene and a Ninth Circuit case called Toliver. Both of those cases where the plaintiff had prevailed on discrimination claims and then brought attorney's fees issues forward, and those were sort of still live issues. And part of that, I think, is you're going there on de novo review, and the board's conclusion sort of fall out, and there's some litigation, some fact-finding that might have to be done on discrimination claims. Here, that's just not at all the case. Where the issue is an administrative issue of whether the plaintiff is entitled to fees, whether the MSPB erred in denying fees under a statute, right? But there's not a discrimination claim underlying it, and that's the concession that I think my friend clearly made in their response to the motion to dismiss. So if we go down a certain line of analysis, maybe not the one that you prefer, but if we go down a certain line of analysis, you're fine with an opinion that says, in this sort of a case, whoever the ALJ is seeking attorney's fees has to go to the Federal Circuit. Yes. There is review, but the review's in the Federal Circuit. Our position is that there is jurisdiction in the Federal Circuit to hear this kind of  Okay. I'm happy to answer any further questions, but otherwise, I will encourage you to affirm, and I will encourage you to affirm on whatever you think the easiest pathway is. Thank you. Thank you very much. Thank you, Your Honor. Thank you, Dr. Cohen. Bring some light to the darkness. Okay. The fact that the case was settled does not extinguish the discrimination claims. I think it's clear case law that that is the case. The Federal Circuit would not have jurisdiction because there's still a discrimination claim involved, and they're cited in our brief, and I couldn't find the name. There's a case where the individual, the MSPB, found there was no discrimination. The individual, the MSPB, found that there wasn't just cause to promote the efficiency of the service. The individual appealed the individual file suit in Federal District Court, and the court found it had jurisdiction. There's another case cited in the brief where the individual filed a mixed case, and the court found that he wasn't entitled to attorney fees, did not file in the Federal District Court within the time limit to contest that, but did file within time limits to contest another decision, and the court found it still had jurisdiction over the attorney fee issue, and those two cases are cited in the brief. The agency, MSPB administrative judge finds against the agency, the agency can appeal to the board of the MSPB, so I wanted to clarify that, and just to emphasize, I see that my time is running out, just to emphasize very quickly, the Court of Appeals to the Federal Circuit does not have jurisdiction over these cases. Because of that, if the Federal District Court doesn't have jurisdiction, I hate to use this term, Judge Aranda, as an ALJ, is out of luck, where no other Federal employee is in the same situation, and that's where Title VII provides that remedy, and it has to provide that remedy, or there's an enormous injustice, and I admit that the judges, you can find in your opinion that, well, that's the law, tough, let Congress deal with that. I believe Congress has dealt with it in terms of Title VII. Thank you, Your Honor. Thank you. Mr. Ball, do you have another question for you, if you don't mind? Yeah. So, if we go down a certain analytical line, and we say, the only review in federal court here was in the Federal Circuit, right, the next ALJ in Judge Aranda's position files in the Federal Circuit, and the Federal Circuit says, we don't have jurisdiction, this belongs in a district court, what happens? I mean, this is the problem of creating a circuit split with the Federal Circuit on these issues, that, you know, I think that person would be completely out of luck. I mean, their law is going to govern. Our opinion is going to be like nothing. Yeah. So, what I would... Part of the dust. What I would say is that... Because whenever somebody goes there, the Federal Circuit is going to say, door closed, can't come here. I have two answers. The first is that I, you know, candidly, at that point, I think the Supreme Court probably has to deal with it, because that, you know, people would be totally locked out of court. But I think that the other point is, you know, I think it's clear in the Federal Circuit, if you say, I'm no longer pressing discrimination issues, they have a local rule, they have Harris, they have this line of cases, then they exercise jurisdiction. So I just, I don't want to reject the premise of the hypothetical you brought me up here to answer, but I do think that that is the answer. All right. Thank you very much. Thank you both.